IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. HILL,** *an individual*, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **Civil No. 20-1849** ) |
| **USA,** *and the seats of elected and appointed officials therein,* **STATE OF PA,** *and all pertaining to elected or appointed seats therein;* and **CONGRESS,** *and heads of house committees or boards connected to this case to be identified in future proceeding,* | ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

### Memorandum Opinion and Order

James A. Hill commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a Complaint purporting to seek relief under the Privacy Act of 1974, the National Voter Registration Act of 1993, Article I, section 4, clause 1 of the United States Constitution, the Commonwealth of Pennsylvania's Act 77 of 2019, "and all civ[i]l liberties of Freedom given by the Founding Father[s] of the U.S. Constitution of the First Amendment of the Constitution." Compl. at 3-4, ECF No. 1-1. On December 8, 2020, Mr. Hill filed two additional Motions. A Motion in which he requests emergency relief, the appointment of counsel, to amend the Complaint to add a fourth claim, and to have "listed" with this civil action the 14th and 15th Amendments to the Constitution, the Enforcement Act of 1870, and the Americans with Disabilities Act of 1990. ECF No. 2. He also filed a Motion to Amend his Complaint to add what appears to be thirteen additional defendants. ECF No. 3. The Court finds Mr. Hill to be without sufficient funds to pay the required filing fee. Thus, Mr. Hill will be granted leave to

proceed in forma pauperis. However, upon review of the Complaint, this Court, sua sponte, shall dismiss the Complaint for lack of subject matter jurisdiction. The Motion for emergency relief, appointment of counsel, amendment of complaint, and addition of list of certain laws, and the Motion to Amend the Complaint to add defendants, will both be denied as moot.

**I.      Background**

Mr. Hill states his claims as follows:

1) Misuse of power by Congress passed bills into law that directly violate the Privacy Act [of] 1974 which instructed state government right to release my voting info. At their discretion.

2) State of PA did release said info. either directly or [through] failure to secure my voter info was used by a out of state non-governmental entity or group and state that it was used to undermine the current President of the U.S. in this election with malice.

3) Claim members of congress and others. head of state of PA, others and keyholder's (to be identified) conspired together to take control of the election process for their benefit. For the purpose of the creation of of a constitutional monarchy.

Compl. at 5-6. Mr. Hill seeks the following relief: $1,000,000.00 for the release and unauthorized use of his voter information and registration and voting record; a halt to the current election result; a halt to "all future action to the seat of Presidency" until resolution of this case; and punitive and exemplary damages. Id. Mr. Hill further avers that he "is here without my vote and the bills and laws still exist on record that lead to this case my vote not being counted in 2016 and its current status."[1] Id. at 6.

---

[1] To the extent Mr. Hill purports to assert a claim about his vote not being counted in the 2016 election, or claim about the 2016 election in general, such claim would be moot. To the extent he claims that his vote was not counted in the 2020 election Mr. Hill has provided no allegations at all to support such a claim.

**II.     Standard of Review**

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "When allowing a plaintiff to proceed in forma pauperis, the Court must also determine whether the plaintiff has set forth a proper basis for this Court's subject matter jurisdiction." Williams v. Francois-Williams, No. 19-CV-5130, 2020 WL 208934, at *1 (E.D. Pa. Jan. 13, 2020)(citing Group Against Smog and Pollution, Inc. v. Henango, Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015).

**III.    Discussion**

Mr. Hill's claims against all three Defendants are connected. He claims that Congress passed laws instructing the states to release voter information, at the State's discretion, in violation of the Privacy Act of 1974. He then claims that Pennsylvania either intentionally released his voter information or failed to secure his information, which allowed it to be released. Next, he claims that the non-governmental entity or group that obtained his voter information used said information to undermine President Donald J. Trump in the 2020 election. Finally, Mr. Hill alleges that members of Congress, the "head of state of PA" (presumably Governor Tom Wolf), and others to be identified, conspired together to take control of the election process for the purpose of creating a constitutional monarchy.

To the extent Mr. Hill alleges that his voter information was unlawfully released, the claim lacks any supporting non-vague allegations as to who specifically is alleged to have released the information, to whom the information was released, and the harm Mr. Hill allegedly suffered from the alleged release of information.  Mr. Hill claims that it is "Pennsylvania" that released his information.  Article I, Section 4 of the United States Constitution provides that the responsibility of overseeing federal elections is reserved to the States.  Pennsylvania would possess Mr. Hill's voter information presuming he registered to vote in Pennsylvania.  However, Mr. Hill does not identify either a Pennsylvania governmental individual or a Pennsylvania governmental body that was in possession of his voter information and either released, or failed to secure, his information.  In addition, although he alleges that his information was released to out of state non-governmental entities or groups, he does not identify any such entity or group.  Finally, Mr. Hill has not identified the Privacy Act provision upon which he bases his claim.  Mr. Hill's request for money damages of $1,000,000 because of the release of his voter information is not permitted unless he sues under subsections 552a(g)(1)(C) or (D) of Title 5 of the United States Code.  Even if the claim is brought under one of those subsections, in order to recover money damages, the plaintiff must establish "that the agency acted in a manner which was intentional or willful," and any award is limited to "actual damages sustained by the individual as a result of" the agency's conduct.  5 U.S.C. § 552a(g)(4).  As explained below, Mr. Hill has not alleged how the release of his voter information injured him, much less in a manner that caused him to suffer actual damages.  As such, this claim is subject to dismissal for failure to state a claim.

Mr. Hill also lacks standing as to all claims.  "[S]tanding is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir.2007).  To establish Article III standing, a plaintiff must establish three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (internal quotations, alterations, and citations omitted).  When injunctive relief is sought, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized [and] the threat must be actual and imminent, not conjectural or hypothetical." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (emphasis added) (citing Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180–181 (2000).  When a plaintiff fails to establish standing, his complaint is subject to dismissal for lack of subject-matter jurisdiction.  See Va. House of Delegates v. Bethune-Hill, 139 S. Ct. 1945, 1950-51 (2019).  Furthermore, as stated by the United States Supreme Court:

> [A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

Lujan, 504 U.S. at 573-74.

With respect to his claim that his voter information was released, Mr. Hill does not allege harm that _he_ has suffered that is actual or imminent, and not conjectural or hypothetical. Although the release of protected information may be a harm under certain circumstances, it is

not clear that Mr. Hill's voter information was "protected" from release as he does not identify what information was released to allow a defendant to determine if said release was permitted by law. More significantly, Mr. Hill himself alleges that the alleged harm did not affect him, instead, he alleges that the release of his information, in some unspecified manner, contributed to a vague alleged harm of undermining the President of the United States in the 2020 election.

Next, Mr. Hill has not alleged a causal connection between the alleged injury of undermining the President in the 2020 election and the release of his voter information to an unnamed entity. As alleged, the conduct complained of by Mr. Hill is not fairly traceable to the challenged actions of any named Defendant. At best, the alleged harm occurred as a result of the independent action of a third party not before the court.

Finally, Mr. Hill has failed to establish that the alleged injury will likely be redressed by a favorable decision by this Court. Mr. Hill essentially seeks injunctive relief by asking this Court to halt the current election result and halt all future actions to "the seat of Presidency." This Court lacks the power to grant such a "drastic remedy" as "halting" the result of a national Presidential election on the basis of the alleged release of a single voter's information to an unnamed entity or group. See Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania, No. 20-3371, 2020 WL 7012522, at *7 (3d Cir. Nov. 27, 2020) (in dismissing for lack of standing, the Court explained that plaintiffs cited "no authority for the drastic remedy" of "declaring the election results defective and ordering the Pennsylvania General Assembly, not the voters, to choose Pennsylvania's presidential electors"). As stated by the United States Court of Appeals for the Third Circuit, "calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here." Id., No. 20-3371, 2020 WL 7012522, at *1.

For the same reasons, Mr. Hill also lacks standing to pursue any purported claim he may be asserting that any of the laws cited in his Complaint are unconstitutional; *i.e.*, the Privacy Act of 1974, the National Voter Registration Act, and Pennsylvania's Act 77 of 2019.

Finally, Mr. Hill's Complaint is also subject to dismissal because Mr. Hill raises "only a generally available grievance about government," claiming "only harm to his and every citizen's interest in proper application of the Constitution and laws," and he seeks "relief that no more directly and tangibly benefits him than it does the public at large." Lujan, 504 U.S. at 573-74. As explained above, Mr. Hill's Complaint alleges a grievance about the 2020 election result. Any alleged "undermining" of the 2020 election, as it relates to the election of the President, affects the public at large and not this specific Plaintiff. Likewise, Mr. Hill's alleged conspiracy among several governmental actors to "take control of the election for their benefit" also affects the public at large and not just Mr. Hill. Therefore, without a specific harm to Mr. Hill, he cannot state an Article III case or controversy that affords standing. Accordingly, under the facts as alleged in the Complaint, Mr. Hill's Complaint will be dismissed for lack of subject matter jurisdiction. Because the subject matter of the Complaint does not address a plausible injury specific to Mr. Hill, any amendment to address jurisdictional defects is deemed futile.

With respect to Mr. Hill's additional Motions, neither of them changes the Court's decision. First, Mr. Hill's request for emergency relief because of the upcoming December 11, 2020 and December 14, 2020 election deadlines is moot as the Court has ruled on his Complaint. To the extent Mr. Hill seeks emergency relief or appointment of counsel based on the ADA, there is no basis in the ADA to grant such relief. With respect to the appointment of counsel, the request is moot, but also Mr. Hill has not set forth allegations to justify the appointment of counsel in this case. In Tabron v. Grace, the United States Court of Appeals for the Third Circuit

announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993).  Even had Mr. Hill presented facts to support his request, it would be denied because he is unable to meet the first factor of whether the plaintiff's claim has "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir.1997) (citing Tabron, 6 F.3d at 157).  The above discussion demonstrates that Mr. Hill's claims have no merit.  Both his request to add a fourth claim and to have "listed" certain laws with the case are moot.

Mr. Hill's Motion to Amend to add new Defendants is also moot.  While the addition of Defendants clarifies specifically who he is suing, it does not affect the analysis of the claims brought by Mr. Hill.

## ORDER

AND NOW, this 8th day of December, 2020, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in forma pauperis, ECF No. 1, is hereby **GRANTED.**  The Clerk of Court shall file Plaintiff's Complaint.

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction.  Any amendment to the Complaint is deemed futile.

Plaintiff's Motion seeking Multiple Relief, ECF No. 2, and Motion to Amend Complaint, ECF No. 3, are **DENIED**.

The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

_/s/ Marilyn J. Horan_
Marilyn J. Horan
United States District Court Judge

cc: James A. Hill, pro se
   #30 6th Street
   Bessemer, PA 16112